**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BARBARA MADIGAN,<br><br>Defendants. | CV 15-19-BU-BMM<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Defendant Barbara Madigan ("Madigan") married Mark Phillips ("Phillips"). Madigan and Phillips had a son, Steven Phillips ("Steven"), on September 21, 1975. Phillips became ill with meningitis and developed disabilities that continue to the present. Phillips fled the United States in 1979. Madigan requested that the Circuit Court for Broward County, Florida declare Phillips dead. The Florida court entered an order that declared Phillips dead as of November 5, 1984.

Madigan filed for surviving child benefits from the Social Security Administration ("SSA") one month after the Court declared Phillips dead. SSA awarded benefits to Madigan on behalf of her minor child Steven. Steven collected the SSA benefits once he turned 19 and no longer qualified as a full-time student.

1

SSA determined Steven qualified for benefits based on Phillip's death. Steven continued to receive benefits based on Phillips' work history until 2010.

Madigan learned that Phillips had not died by sometime in 2002. Madigan failed to report this information to the SSA. Phillips was discovered living in Chile. Phillips was repatriated to the United States in April 2010. The SSA notified Steven in June 2010 that he did not qualify for surviving child benefits.

The SSA determined that Madigan received a total of $208,075.70 in survivor benefits on Steven's behalf. The United States moves for summary judgment on the common law theory of payment by mistake (Count II). The United States seeks judgment as a matter of law in the amount of $128,765.40. This amount represents the $208,075.70 overpayment less the amount of SSA benefits Steven could have received on his own record.

United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendations in this matter on June 24, 2016. (Doc. 31.) Judge Lynch recommended that the Court grant the United States's summary judgment motion as to Count II of the Complaint. (Doc. 31 at 13.) Madigan filed no objections to Judge Lynch's Findings and Recommendations. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Lynch's Findings and Recommendations, however, for clear error.

*McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Government can recover payments made by mistakes under a common law cause of action without showing fault on the part of the recipient. *U.S. v. Mead*, 426 F.2d 118, 124 (9th Cir. 1970); *Fort Belknap Housing Dept. v. Office of Public and Indian Housing*, 726 F.3d 1099, 1105 (9th Cir. 2013). The Government can recover payments it made "under an erroneous belief" that proved "material to the decision to pay." *Mead*, 426 F.2d at 124. Steven received payments on the basis of his status as a surviving child of his allegedly deceased father. Madigan acted as Steven's representative payee and accepted surviving child benefits on his behalf. The SSA based its mistaken payments on the belief that Phillips had died. This fact proves material to its decision to pay surviving child benefits. Madigan's intent proves irrelevant. Recovery should be deemed appropriate even when payments may have been received innocently. *United States v. Bellilcci*, 2008 WL 802367 (E.D. Cal. Mar. 26, 2008) (citing *Mead*, 426 F.2d at 124.)

The Ninth Circuit has recognized that a representative payee can be held liable for overpayments. *Evelyn v. Schweiker*, 685 F.2d 351, 352 (9th Cir. 1982). "The representative merely stands in the shoes of the beneficiary. Just as the beneficiary could not keep the overpayment, neither can the representative payee." *Id*. The United States should be able to recover the "portion of the total payments"

made by mistake where the SSA paid child survivor benefits to Madigan on Steven's behalf based on the erroneous and material belief that Phillips had died. *Mead*, 426 F.3d at 124.

Accordingly, **IT IS ORDERED** that Magistrate Judge Lynch's Findings and Recommendations (Doc. 31) is **ADOPTED in FULL**. Plaintiff United States of America's Motion for Summary Judgment as to Count II of the Complaint is **GRANTED**.

Dated this 11th day of July, 2016

Brian Morris
United States District Court Judge